Nash, J.
 

 We presume this case has been brought here, fop the purpose of obtaining a decree, which, being-made in the highest Judicial tribunal, known to the law, will quiet all disputes for the future, as to the title to the negroes in question. There can be no doubt, that the jplaiptiff is entitled to the relief he seeks. All the facts, are admitted, and are as follows: In the year 1830, Solpmon T, Braddy purchased from Kader Parker a negpo
 
 *433
 
 girl, named Phillis, at the price of fifty pounds, and, a shox't time thereafter, re-sold her to Kader Parkei’, the latter paying him the sum of £18 3, in part of the pin-chase money. Before the balance x-emaining due was paid, Parker died, leaving a widow and several children, among whom was the wife of Solomon Bi’addy and to whom he was married before he purchased the negro Phillis. The defendant,, Hardy Parker, administered on the estate of Kader Pax'ker, and refused to complete the bargain made by his intestate, with the intestate Solomon Braddy. At the sale, made by the administi’ator, Hardy Parkei’, the widow was a large purchaser, and it was agreed by all the parties concerned, that she should pay to Solomon Braddy, what remained due of the purchase money of Phillis, out of what she owed the estate, upon condition, that she should retain the negro during her life. Accoi’dingly. she did so make payment to Solomon Braddy and took the girl into her possession, and so kept her until her death in the year-.. Upon the payment of the money by the widow, the intestate Bi’addy, made the conveyance, set forth in the bill, by which he conveyed Phillis and her childx-en, “to the heirs and claimants” of Hax-dy Parker; and the bill charges expressly, that the said conveyance was intended, to complete the bargain made by Braddy with Kader Parker and vest the title of the negroes in those who were entitled as his distributors. Solomon Braddy aud his wife are both dead and the plaintiff has administered on their estates. These facts are admitted, but the defendants say, that, at law, the title of the negroes in contx’oversy is conveyed to them, and that Solomon Braddy is not entitled to any of them. Certainly the legal title is in the defendants, and it is equally certain, that it was not intended by the parties to be so, to the exclusion of Elizabeth Braddy, the wife of the intestate. It could not have been the intention of Solomon Braddy to exclude his wife or himself from a due share of Phillis
 
 *434
 
 and her children ; for in re-selling her to Kader Parker, he merely got back the money he had paid for her. Such could not have been his intention, and the defendants themselves admit, that the intention was to re-invest the estate with the negroes, as if no sale from Parker ever had been made; and finally it is manifest, from the deed of conveyance, that such was not the intention of the parties. In the recital of the deed is contained a brief statement of the inducement for making it. In the conveying part, after conveying Phillis and her children to the widow and the heirs and claimants of said deceased, it proceeds, “ as fully, clearly, amply, as if no contract had ever been made, or bill of sale given by the said deceased.” It is very clear, then, that it was the intention of the parties to place Phillis and her children, precisely as she would have been, if Kader Parker had died leaving a clear title to them. Wherever a written contract contains, by mistake, less than the parties intended, or more, and the mistake is clearly established, a Court of Equity will reform it, so as to make it conform to the precise intention of the parties.
 
 Durant
 
 v.
 
 Durant,
 
 1 Cox R. 58.
 
 Calverly
 
 v.
 
 Williams,
 
 1st Vez. Id. 210.
 
 Harrison
 
 v.
 
 Howard,
 
 1st Ired. Eq. 409. The plaintiff is entitled to have said deed reformed, in accordance with the true intent of the parties, and, as his wife, Elizabeth survived her father, Kader Parker, she was entitled, as one of his next of kin, to a distributive share in the negro Phillis and her children. This was a vested interest and upon her death passed to her personal representative, who held it in trust for her husband, Solomon Braddy. And the plaintiff is entitled, as the representative of Solomon Braddy, to partition of the said negroes.
 

 Per Curiam.
 

 Decreed accordingly.